In the Matter of JAMES V. KING et al., Appellants, against S. HOWARD COHEN et al., Constituting the Board of Elections in the City of New York, et al., Respondents.

Argued October 2, 1944; decided October 17, 1944.

*Louis Feldman* for appellants. I. As to respondents Spitzer and Schukin, copies of the moving papers having been mailed to them within the statutory period and in accordance with the direction of the order to show cause, service was completed on mailing copies to them and the proceeding was commenced within the statutory period. II. The courts below should have declared invalid the nominating petitions of respondents Rayfiel and Levine on the merits. The Fall primary map remained in full force and effect until October 1, 1944, and the new map only

became effective on October 1, 1944. (*Matter of Lieblich* v. *Cohen,* 286 N. Y. 559; *Matter of McElroy* v. *Cohen,* 286 N. Y. 686; *Matter of Nagler* v. *Cohen,* 252 App. Div. 741.)

*Abraham J. Multer* and *Harry Serper* for Leo Rayfiel and J. Sidney Levine, respondents appearing specially. I. This appeal is academic. II. The nominating petition contained the correct election and assembly districts alongside the names of the voters.

*Matthew M. Levy, Abraham M. Roth* and *Philip Haber* for David Schukin and Jack Spitzer, respondents appearing specially. I. The issues involved are academic inasmuch as many thousands of war ballots have been forwarded to soldier voters and time will not permit the printing and forwarding of new ballots which must be uniform for the entire electorate. II. None of the proceedings were instituted within the time required by the Election Law. Section 330, subdivision 1, of the Election Law requires that proceedings such as the ones at bar " must be instituted within fourteen days after the last day to file petitions." (*Matter of Gallagher* v. *Cohen,* 180 Misc. 1030; *Matter of Kram* v. *Cohen,* 293 N. Y. 746; *Matter of Constantino,* 286 N. Y. 681; *Matter of Tombini,* 177 Misc. 148, 262 App. Div. 756.) III. The election districts inserted next to signers' names and addresses were the ones required by law. Since central registration began on June 1, 1944, and ended September 30, 1944, the new districts for central and Fall registration for the general elections of 1944 were on that day in existence.

*Ignatius M. Wilkinson, Corporation Counsel (William J. Fleming* of counsel), for Board of Elections of the City of New York, respondent.

LOUGHRAN, J. This proceeding was brought under section 330 of the Election Law to procure a declaration of the invalidity of four independent nominating petitions that were filed with the Board of Elections of the City of New York in asserted compliance with section 137 of the statute. Each petition purported to nominate a candidate of the Liberal Party for a public office to be voted for at the general election of November 7, 1944, and was questioned by the rival candidate of the American Labor Party. The Liberal Party is an " independent body ". The American

Labor Party is a political " party ". (See Election Law, § 2, subds. 5, 11.) In this court, the American Labor Party candidates are appellants and the nominees of the Liberal Party are the respondents.

On August 30, 1944, the appellants obtained an order directing each of the respondents to show cause why the petition for his nomination should not be annulled. Service of this order was therein directed to be made before midnight of the same day by delivery of a copy thereof to each of the respondents personally or by leaving a copy at his address with a person of suitable age and discretion; or, in the event both such methods of notice should chance in any instance to be without avail, then by sending a copy to the respondent at the same place by registered mail with return receipt requested.

The date so set for service (August 30, 1944) was the last day on which this proceeding could have been instituted (see Election Law, § 330, subd. 1). A copy of the order was on that day left with a person of suitable age and discretion at the address of each of two of the respondents. At the same time, service upon the two remaining respondents was attempted by the mailing of a copy of the order in the fashion prescribed therein, with the result that delivery thereof did not ensue on that last day.

Such mailing was held by Special Term to be without effect and this proceeding was for that reason dismissed as to the two respondents to whom the order had been thus dispatched. The substituted service made upon the other two respondents was held to be effectual. In the end, however, this proceeding was dismissed as to them on the merits.

The Appellate Division affirmed without opinion, but on there-after denying leave to appeal to this court gave expression to its point of view in these words: " The issues involved are academic inasmuch as many thousands of war ballots have been forwarded to soldier voters and time will not permit the printing and forwarding of new ballots, which must be uniform for the entire electorate." (268 App. Div. 834.) We gave leave to the appellants to present the case to us.

(1) Voting by members of the armed forces during time of war is regulated by article 12 of the Election Law (L. 1944,

ch. 183). Section 311 thereof provides: " The determination of a board of elections made on the twenty-ninth day of August as to the candidates duly nominated for public office whose names should appear on the war ballot * * * shall be final and conclusive with respect to such offices for which petitions or certificates are required to be filed with the board of elections * * *. But the foregoing shall not prevent * * * a court from determining at a later date that any such certification or nomination is invalid and in the event of such determination no vote cast for any such nominee by any voter shall be counted at the election * * *." Questions as to the effect of these provisions upon the rights of members of the armed forces may be conceived but they do not arise here. None of these respondents — as a candidate of the Liberal Party — has a right to be voted for by civilian electors unless his name is validly on the ballots in question, and that being so, we cannot agree with the Appellate Division in its assumption that this controversy is an academic one.

(2) The parties against whom a proceeding of this kind is brought are entitled to such notice thereof " as the court, justice or judge shall direct ". (Election Law, § 335.) As heretofore construed by us, this requirement calls for delivery of the instrument of notice not later than on the last day on which the proceeding may be commenced. (*Matter of Constantino,* 286 N. Y. 681.) Consequently the attempted service by mail upon two of the respondents was ineffectual, as the Special Term ruled. In this connection, we are moved to remark that the use of registered mail is likely to result in a failure of timely delivery of notice of the proceeding.

(3) We think the Special Term was right in validating the substituted service that was made upon the other two respondents. (Cf. Civ. Prac. Act, § 231.)

(4) We also think this proceeding was properly dismissed on the merits as to those two respondents. On this branch of the case, the only question was whether the election districts and assembly districts of the signers of the nominating petitions were required to be set forth in accordance with maps that had been prepared by the Board of Elections especially for the primary of August 1, 1944 (see Election Law, § 137). Each petition specified such districts in accordance with the official

maps for the election of 1943 (before the reapportionment of that year) as well as the new districts that were shown on the maps for the election of 1944. In our judgment, this was the requisite identifying data.

The order should be affirmed.

LEHMAN, Ch. J., RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Order affirmed.