## (September 18, 1968)

■ In the Matter of ALVIN DORFMAN, Appellant, v. WILLIAM D. MEISSER et al., Constituting the Board of Elections of the County of Nassau, and F. COURTS BOUSE, Respondents.— Order of the Supreme Court, Nassau County, entered September 9, 1968, affirmed, without costs. No opinion. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur. [57 Misc 2d 915.]

■ In the Matter of JAMES M. MARRIN, Individually and as Chairman of the Nassau County Conservative Committee, Respondent, v. MAXWELL H. PHILLIPS et al., Appellants.— Order of the Supreme Court, Nassau County, entered September 9, 1968, affirmed, without costs. No opinion. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.

■ In the Matter of EDWARD O'CONNOR, Appellant, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, and CHARLES F. MURPHY, Respondents.— In a proceeding pursuant to subdivision 2 of section 330 of the Election Law, to declare void the Democratic party Primary Election held on June 18, 1968 for the election of the Democratic party Assembly District Leader, Male, 27th Assembly District, Part A, Queens County, and to direct that a new election be held, petitioner appeals from an order of the Supreme Court, Queens County, dated July 25, 1968, which granted the motion of respondent Murphy to dismiss the proceeding on the sole ground that it was not timely commenced. Order reversed, on the law, without costs, and proceeding remitted to Special Term for proceedings consistent herewith. The findings of fact below are affirmed. Pursuant to subdivision 2 of section 330 of the Election Law, the last day on which this proceeding could be instituted was June 28, 1968. On that day, pursuant to orders to show cause directing service in specified ways, the orders to show cause and papers were served on respondent Murphy, the successful candidate, by affixing true copies of the orders and the supporting papers to the front door of said respondent's residence and by mailing copies thereof to said respondent. In our opinion, since the orders and the supporting papers were timely affixed to the front door, the fact that the papers mailed were not received on June 28, 1968 was not a jurisdictional defect (*Matter of Serri* v. *Heffernan*, 298 N. Y. 629; 2 Gassman, Election Law, [2d ed.], § 119). Since the proceeding was dismissed on the motion of respondent Murphy on the sole ground that it was not timely commenced, the proceeding is remitted to Special Term for proceedings not inconsistent herewith. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.