■ ANN E. CURTIN et al., Respondents, v EDWARD J. MAHONEY et al., Constituting the Board of Elections of Erie County, Appellants, and HENRY J. NOWAK et al., Candidates for Delegates to Democratic National Convention from the 37th Congressional District, Appellants.—Order unanimously affirmed, without costs. Memorandum: Petitioners-respondents Ann Curtin and Joan Gunzberg were designated as candidates for the party office of alternate delegate on a slate committed to the candidacy of Senator Birch Bayh. After Senator Bayh withdrew his candidacy, petitioners decided to support Congressman Morris Udall. Following the March legislative amendments to section 21 of the Election Law (which not only permitted candidates to declare a preference for a presidential candidate and have this preference stated on the ballot, but also extended the time for candidates to decline and for committees to fill vacancies to designate substitute candidates), petitioners declined from the Bayh petition and were designated as candidates for alternate delegates by the committee to fill vacancies named on the Udall petition. The designation of petitioners as candidates on the Udall slate was invalidated by the board of elections, which at the same time accepted their declination from the Bayh slate, thus excluding them from the ballot entirely. Petitioners concede that they could have had their preferences listed by filing their certificates of preference for Udall without declining from the Bayh slate and being designated to fill vacancies on the Udall slate. Petitioners claim, however, that they were not aware that this option was open to them and took the above steps in a good faith effort to utilize the provisions of the March legislative enactments to enable candidates to state their presidential preferences on the April 6, 1976 primary

ballot. Since petitioners (1) are not filling vacancies created by their own declinations, (2) have not been designated by a committee which has the power to redesignate them to the same position from which they previously declined, and (3) have not been charged with fraud or bad faith, we hold that Election Law, section 140 does not prohibit the designation of petitioners to fill vacancies on the Udall slate even though petitioners have previously declined from the Bayh slate. Petitioners have taken a roundabout, but valid, route for stating their presidential preference in the forthcoming primary. (Appeal from order of Erie Supreme Court—election case.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ. (Decided March 29, 1976.)