FOURTH DEPARTMENT, AUGUST, 2005

(August 18, 2005)

In the Matter of PATRICIA M. RILEY, Respondent, v DEMOCRATIC PARTY OF OWASCO, Respondent, and J. PATRICK DOYLE et al., Appellants, and DENNIS SEDOR et al., as Commissioners of Cayuga County Board of Elections, Respondents. [800 NYS2d 258]—

Appeal from an order of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered August 10, 2005 in a proceeding pursuant to Election Law § 16-102. The order granted the petition and, inter alia, enjoined the Cayuga County Board of Elections from placing the names of respondents Richard Knaul and Linda Vitale on the ballot as candidates for Owasco Town Council on the Democratic party line for the primary election to be held on September 13, 2005.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding seeking, inter alia, an order directing the Cayuga County Board of Elections to remove the names of respondents Richard Knaul and Linda Vitale for Owasco Town Council from the ballot on the Democratic party line for the primary election to be held on September 13, 2005 based upon the invalidity of their designating petitions. We agree with respondents J. Patrick Doyle, John J. Klink, Knaul and Vitale that this proceeding was untimely commenced and thus that Supreme Court should have dismissed the petition.

Pursuant to Election Law § 16-102 (2), petitioner was required to commence this proceeding "within fourteen days after the last day to file the [designating] petition[s]." Here, the last day on which to file the designating petitions was July 14, 2005, and thus the statutory limitations period expired on July 28, 2005. Contrary to the contention of petitioner, she is not entitled to the benefit of the additional three-day period set forth in section 16-102 (2). By its express terms, that three-day provision applies only to candidates whose petitions have been invalidated by the Board of Elections; that provision "does not apply to this proceeding brought to invalidate a petition that was not invalidated by the [B]oard [of Elections]" (*Matter of Godzisz v Mohr*, 197 AD2d 839, 839 [1993]; *see Blenman v Herron*, 51 NY2d 750 [1980]). Although we agree with petitioner that the petition was timely filed on July 28, 2005 (*see* CPLR 304), the Election Law also requires that service must be made within the statutory limitations period. "That requirement calls for delivery of the instrument of notice not later than on the last day on which the proceeding may be commenced" (*Matter of Ehle v Wallace*, 195 AD2d 1086, 1086 [1993], *lv denied* 82 NY2d 653 [1993] [emphasis omitted]; *see Matter of Schadt v Wallace* [appeal No. 1], 197 AD2d 838 [1993]; *Matter of Brown v Starkweather*, 197 AD2d 840 [1993], *lv denied* 82 NY2d 653 [1993]; *see also Matter of Marino v Orange County Bd. of Elec-*

*tions,* 307 AD2d 1011 [2003], *lv denied* 100 NY2d 509 [2003]; *Matter of Green v Mahr,* 230 AD2d 873 [1996]). Here, the order to show cause and petition were not served until August 1, 2005, three days after the expiration of the statutory limitations period.

Petitioner further contends that service was timely effected pursuant to CPLR 306-b inasmuch as it was effected within 15 days of the expiration of the applicable statute of limitations. We reject that contention. Proceedings brought pursuant to the Election Law are expressly excluded from the provision of CPLR 306-b relied on by petitioner, and thus CPLR 306-b is in accord with the holdings of the cases cited herein. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Lawton, JJ.