■ In the Matter of BRIAN C. DAVIS, Appellant, v BRYON J. McINTYRE, Individually and as Candidate for the Democratic Party Nomination for Ellicott District Councilman, et al., Respondents. [841 NYS2d 423]—

Appeal from an order (denominated judgment and order) of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered August 14, 2007 in a proceeding pursuant to Election Law article 16. The order dismissed the petition on the ground that it was not timely served.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order dismissing his petition seeking, inter alia, to invalidate respondent Bryon J. McIntyre's designating petition for Democratic party nomination for the primary election for Ellicott District Councilman in the City of Buffalo. Contrary to petitioner's contention, Supreme Court properly dismissed the petition on the ground that it was not timely served. Pursuant to Election Law § 16-102 (2), petitioner was required to commence this proceeding "within fourteen days after the last day to file the [designating] petition." It is undisputed that the last day on which to file the designating petition was July 19, 2007, and thus the statutory limitations period expired on August 2, 2007. The petition was

timely filed with the Erie County Clerk on August 2, 2007, but it was not served until August 3, 2007. Election Law § 16-116 provides that respondents are entitled to notice of the proceeding and "[t]hat requirement calls for *delivery* of the instrument of notice not later than on the last day on which the proceeding may be commenced" (*Matter of Ehle v Wallace*, 195 AD2d 1086, 1086 [1993], *lv denied* 82 NY2d 653 [1993]; *see Matter of King v Cohen*, 293 NY 435, 439 [1944]; *Matter of Riley v Democratic Party of Owasco*, 21 AD3d 708, 709-710 [2005], *lv denied* 5 NY3d 707 [2005]). We note that the fact that the order to show cause annexed to the petition provided that the last day on which to effect service was August 3, 2007 is of no moment. "[T]hat provision could not and did not extend the period of limitations within which to institute the proceeding within the meaning of the Election Law" (*Matter of Marino v Orange County Bd. of Elections*, 307 AD2d 1011, 1012 [2003], *lv denied* 100 NY2d 509 [2003]).

In view of our decision, we do not reach petitioner's remaining contentions. Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Pine, JJ.