■■■ In the Matter of LENORA M. PEREZ, Respondent, v MELISSA PEREZ et al., Respondents, and LAUREEN POWELL, Appellant. [895 NYS2d 904]—Appeal from an order of the Family Court, Oneida County (Brian M. Miga, J.H.O.), entered February 6, 2009 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole custody of the subject child to petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent paternal grandmother appeals from an order that, inter alia, granted the petition seeking to modify a prior order of custody and visitation by granting sole custody to petitioner maternal grandmother. Contrary to the contention of the paternal grandmother, any defect in the verification of the petition "should be ignored inasmuch as [she] failed to demonstrate that [she] was substantially prejudiced by that alleged defect" (Case v Cayuga County, 60 AD3d 1426, 1427 [2009], lv dismissed 13 NY3d 770 [2009]; see CPLR 3026). We reject the paternal grandmother's further contention that the petition is barred by the doctrine of equitable estoppel (see generally Marilyn C.Y. v Mark N.Y., 64 AD3d 645, 646 [2009]). We conclude that Family Court properly determined that the maternal grandmother established a change of circumstances warranting a modification of the prior order and that it is in the best interests of the child to award the maternal grandmother sole custody (see Matter of Lewis R.E. v Deloris A.E., 37 AD3d 1092 [2007]). Present—Centra, J.P., Fahey, Carni, Green and Pine, JJ.