# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**884**
**CAE 15-01319**
PRESENT: SCUDDER, P.J., LINDLEY, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

IN THE MATTER OF FRANCES J. ANGLETTI,
PETITIONER-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

MARCUS MORREALE, RESPONDENT-APPELLANT,
LORA ALLEN AND JENNIFER FRONCZAK, AS COMMISSIONERS
CONSTITUTING NIAGARA COUNTY BOARD OF ELECTIONS,
RESPONDENTS-RESPONDENTS.

JOSEPH F. TOWNSEND, LOCKPORT, JEROME D. SCHAD, WILLIAMSVILLE, FOR
RESPONDENT-APPELLANT.

LAW OFFICE OF SHAWN P. NICKERSON, NORTH TONAWANDA (SHAWN P. NICKERSON
OF COUNSEL), FOR PETITIONER-RESPONDENT.

CLAUDE A. JOERG, COUNTY ATTORNEY, LOCKPORT (JOSEPH BURNS OF COUNSEL),
FOR RESPONDENTS-RESPONDENTS.

-----------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered August 6, 2015 in a proceeding pursuant to Election Law article 16. The order granted the petition and directed the Niagara County Board of Elections to strike respondent Marcus Morreale's name from the ballot for the 2015 primary and general elections as a Democratic Party candidate for the office of Niagara County Legislator, Eighth District.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Marcus Morreale (respondent) appeals from an order granting the petition and directing respondent Commissioners of the Niagara County Board of Elections (Board) to strike respondent from the Ballot for the 2015 primary and general elections as a Democratic Party candidate for the office of Niagara County Legislator, Eighth District (County Legislator office). We affirm.

On July 8, 2015, a designating petition was filed with the Board purporting to designate respondent as a Democratic Party candidate for the County Legislator office. Respondent declined the designation, but the committee to fill vacancies subsequently designated respondent—apparently with his consent—as the substitute candidate for the vacancy he himself had created by initially declining the designation (see generally Election Law § 6-148 [1]).

Petitioner filed a formal objection to the substitution with the Board, but the Board rejected the objection. Petitioner then commenced the instant proceeding pursuant to Election Law § 16-102, seeking to invalidate the certificate of substitution. The petition was verified by petitioner's attorney, who admittedly has offices in Niagara County, where petitioner resides. Supreme Court subsequently granted the petition, holding that the Election Law did not permit a committee to fill vacancies to designate a substitute candidate whose own declination caused the vacancy at issue.

The petition filed in the County Clerk's Office was verified by petitioner's attorney, whose office was in Niagara County (*see* CPLR 3020 [d] [3]). As a preliminary matter, we reject respondent's contention that the verification of the petition by petitioner's attorney constitutes a jurisdictional defect (*see Matter of Miller v Board of Assessors*, 91 NY2d 82, 86; *People ex rel. New York City Omnibus Corp. v Miller*, 282 NY 5, 9). We note that respondent did not waive that contention by failing to exercise his right to treat the petition as a nullity (*see* CPLR 3022). Respondent could not have objected to the alleged improper verification by returning the petition to petitioner's attorney with due diligence and with notification of his reason for doing so inasmuch as the petition served on respondent was verified by petitioner himself (*cf. Lepkowski v State of New York*, 1 NY3d 201, 210). Even assuming, arguendo, that the verification of petitioner's attorney was improper because petitioner was in "the county where the attorney has his office" (CPLR 3020 [d] [3]), we conclude that "any defect in the verification of the petition 'should be ignored inasmuch as [respondent] failed to demonstrate that [he] was substantially prejudiced by the alleged defect' " (*Matter of Perez v Perez*, 71 AD3d 1496, 1496, *lv denied* 14 NY3d 714).

We reject respondent's further contention that the petition was not timely served. In the order to show cause accompanying the petition, the court authorized service by any of 10 enumerated methods, including, as relevant to this appeal, "by affixing the [commencement papers] to the outer or inner door of [his] residence . . . AND by enclosing the same in a securely sealed and duly prepaid wrapper, addressed to [respondent] at the address set forth in [the] designating petition, and depositing the same with a depository of the United States Postal Service [USPS] via Express Mail on or before the **23rd day of July, 2015**." It is undisputed that July 23, 2015 was the last day on which to commence the proceeding. The record establishes that the commencement papers were affixed, i.e., "nailed," to the door of respondent's residence on July 22, 2015, and the commencement papers were mailed to respondent's residence by USPS "Express Mail" on July 23, 2015.

In a proceeding under article 16 of the Election Law, the petitioner must satisfy two distinct service requirements. First, the petitioner must provide "such notice to [the respondent or respondents] as the court or justice shall direct" (§ 16-116). Here, there is no dispute that petitioner " 'strictly complied with' " the

court's service directions (*Matter of Grimaldi v Board of Elections of the State of N.Y.*, 95 AD3d 1644, 1646; *see Matter of O'Daniel v Hayduk*, 59 AD2d 706, 707, *affd for reasons stated* 42 NY2d 1062).  As noted above, the commencement papers were affixed to the door of respondent's residence on July 22, 2015, and they were mailed to respondent's residence by USPS Express Mail on July 23, 2015.  Thus, both the mailing and the "nailing" occurred "on or before the 23rd day of July, 2015" as directed by the court.

Second, the petitioner must effectuate " 'actual delivery of the instrument of notice not later than the last day on which the proceeding may be commenced' " (*Matter of Yellico v Ringer*, 185 AD2d 965, 966; *see Matter of Riley v Democratic Party of Owasco*, 21 AD3d 708, 709, *lv denied* 5 NY3d 707).  In other words, the respondents must "receive delivery" of the order to show cause and the verified petition "within the [statute of limitations] period" (*Matter of Thompson v New York State Bd. of Elections*, 40 NY2d 814, 815).  That requirement operates irrespective of the court's specific service directions under section 16-116 (*see Matter of Rotanelli v Westchester County Bd. of Elections*, 41 Misc 3d 254, 261, *affd* 109 AD3d 562; *Matter of Davis v McIntyre*, 43 AD3d 636, 636-637).

Contrary to the view of our dissenting colleagues, we conclude that petitioner effectuated "actual delivery" of the commencement papers when they were affixed to respondent's front door.  It is well established that because "the [commencement] papers were timely affixed to the front door, the fact that the papers mailed were not received on [or before the statute of limitations date] was not a jurisdictional defect" (*Matter of O'Connor v Power*, 30 AD2d 926, 926, *affd* 22 NY2d 889; *see Matter of Weill v Erickson*, 49 AD2d 895, 897, *affd* 37 NY2d 851; *Matter of Serri v Heffernan*, 298 NY 629, 629-631; *Matter of Marcoccia v Garfinkle*, 307 AD2d 1010, 1010-1011, *lv denied* 100 NY2d 509).  In fact, respondent's argument to the contrary is indistinguishable from the dissent at the Court of Appeals in *Serri*, which, citing *Matter of King v Cohen* (293 NY 435)—a 1944 case predating New York's commencement-by-filing system and thus of dubious precedential value—argued that service was untimely when both the nailing and the mailing were not completed within the statute of limitations period (298 NY at 631 [Conway and Dye, JJ., dissenting]).

Although respondent concedes that *O'Connor* and similar cases are directly on point, he contends that *O'Connor* was overruled by *Matter of Buhlmann v Le Fever* (54 NY2d 775, *affg for reasons stated* 83 AD2d 895).  We reject that contention.  The issue in *O'Connor* was whether a last-day "nailing" satisfied the *King* requirement even if the corresponding mailing could not have arrived within the statute of limitations period, and the Court determined that it did.  The Court in *Buhlmann*, on the other hand, never considered that issue, presumably because the commencement papers in that case were nailed to the "outside wall" of the respondent's residence (83 AD2d at 896), not to the "door" as directed by CPLR 308 (4).  *Buhlmann* thus considered only whether a last-day mailing could, by itself, satisfy the *King* requirement, and the Court held that it could not.  *Buhlmann* is

therefore distinguishable from *O'Connor*, as well as from the facts of this case.

Contrary to respondent's assertion, neither *Matter of Ehle v Wallace* (195 AD2d 1086, 1086, *lv denied* 82 NY2d 653), nor *Davis* (43 AD3d at 637), supports reversal.  Unlike respondent here, the respondents in those cases did not receive the commencement papers on or before the expiration of the statute of limitations period.

Finally, turning to the merits, we conclude that the court properly determined that the committee to fill vacancies was properly barred from designating respondent to fill a vacancy created by his own declination.  "The Election Law plainly contemplates that the candidate designated to fill a vacancy shall be a person other than the person originally named" (*Matter of Nestler v Cohen*, 242 App Div 726, 726).  It therefore necessarily follows that a person who creates a vacancy by his or her own declination cannot thereafter be designated by the committee to fill vacancies as the substitute designee for the very same position (*see Matter of Garfinkel v Power*, 208 Misc 719, 720, *affd* 286 App Div 957, *affd* 309 NY 779; *see generally Curtin v Mahoney*, 52 AD2d 716, 716-717).

All concur except SCUDDER, P.J., and VALENTINO, J., who dissent and vote to reverse in accordance with the following memorandum:  We agree with the majority that the verification of the petition by petitioner's attorney does not constitute a jurisdictional defect (*see Matter of Miller v Board of Assessors*, 91 NY2d 82, 86; *People ex rel. New York City Omnibus Corp. v Miller*, 282 NY 5, 9), and that Supreme Court properly determined that the committee to fill vacancies could not designate Marcus Morreale (respondent) to fill a vacancy created by his own declination (*see Matter of Garfinkel v Power*, 208 Misc 719, 720, *affd* 286 App Div 957, *affd* 309 NY 770; *see generally Curtin v Mahoney*, 52 AD2d 716, 716-717).  We respectfully disagree, however, with the majority's conclusion that respondent was timely served with the order to show cause and petition.  We would reverse the order and dismiss the petition, and we therefore dissent.

As the majority explains, the record establishes that the papers were affixed to the door of respondent's residence on July 22, 2015, and that on July 23, 2015, the last day of the 14-day period to commence the proceeding, they were mailed by USPS Express Mail, in accordance with the service authorized by the order to show cause, i.e., "as the court or justice shall direct" (Election Law § 16-116).  Although the service complied with the court's directive, in our view, it is not sufficient that respondent may have received notice by "nailing" alone within the statutory period.

We recognize that the Court of Appeals affirmed the order in *Matter of O'Connor v Power* (30 AD2d 926, *affd* 22 NY2d 889), wherein our colleagues in the Second Department determined that, "[i]n [their] opinion, since the orders and the supporting papers were timely affixed to the front door, the fact that the papers mailed were not received on [or before the statute of limitations date] was not a jurisdictional defect" (*id.* at 926).  We disagree with the majority

however, that the determination of the Court of Appeals in *Matter of King v Cohen* (293 NY 435, 439), i.e., that mailing the papers on the last day of the statutory period was not sufficient, is of "dubious precedential value."  The Court of Appeals determined in *King* that the requirement of Election Law § 16-116 (formerly § 335) that "[t]he parties against whom a proceeding of this kind is brought are entitled to such notice thereof as the court, justice or judge shall direct . . . calls for delivery of the instrument of notice not later than on the last day on which the proceeding may be commenced . . . Consequently[,] the attempted service by mail [on the last day] was ineffectual . . .  [inasmuch as] the use of registered mail is likely to result in a failure of timely delivery of notice of the proceeding" (*King*, 293 NY at 439 [internal quotation marks omitted]).  As we explained in *Matter of Ehle v Wallace* (195 AD2d 1086, 1086, *lv denied* 82 NY2d 653), the requirement in Election Law § 16-116 "calls for *delivery* of the instrument of notice not later than on the last day on which the proceeding may be commenced".  Here, the "instrument of notice" is the nailing *and* mailing of the papers (*Ehle*, 195 AD2d at 1086) and, indeed, both nailing and mailing are required by CPLR 308 (4) for service (*see Hopkins v Tinghino*, 248 AD2d 794, 795).  In other words, in accordance with our precedent in *Ehle*, we interpret *King* to require delivery of the papers as directed by the court in the order to show cause, i.e., nailing and mailing, within the statutory period.  Here, the mailing was not accomplished "at a time when it might reasonably have been expected that receipt would occur within the statutory period" (*Matter of Contessa v McCarthy*, 40 NY2d 890, 891).  Although the order to show cause permitted mailing by USPS Express Mail on July 23, 2015, we note that the " 'provision could not and did not extend the period of limitations within which to institute the proceeding within the meaning of the Election Law' " (*Matter of Davis v McIntyre*, 43 AD3d 636, 637).

Entered: August 19, 2015                         Frances E. Cafarell
                                                 Clerk of the Court