Scudder, P.J., and Valentino, J.
(dissenting). We agree with the majority that the verification of the petition by petitioner’s attorney does not constitute a jurisdictional defect (see Matter of Miller v Board of Assessors, 91 NY2d 82, 86 [1997]; People ex rel. New York City Omnibus Corp. v Miller, 282 NY 5, 9 [1939]), and that Supreme Court properly determined that the committee to fill vacancies could not designate Marcus Morreale (respondent) to fill a vacancy created by his own declination (see Matter of Garfinkel v Power, 208 Misc. 719, 720 [1955], affd 286 App Div 957 [1955], affd 309 NY 779 [1955]; see generally Curtin v Mahoney, 52 AD2d 716, 716-717 [1976]). We respectfully disagree, however, with the majority’s conclusion that respondent was timely served with the order to show cause and petition. We would reverse the order and dismiss the petition, and we therefore dissent.
*813 As the majority explains, the record establishes that the papers were affixed to the door of respondent’s residence on July 22, 2015, and that on July 23, 2015, the last day of the 14-day period to commence the proceeding, they were mailed by USPS Express Mail, in accordance with the service authorized by the order to show cause, i.e., “as the court or justice shall direct” (Election Law § 16-116). Although the service complied with the court’s directive, in our view, it is not sufficient that respondent may have received notice by “nailing” alone within the statutory period.
We recognize that the Court of Appeals affirmed the order in Matter of O’Connor v Power (30 AD2d 926 [1968], affd 22 NY2d 889 [1968]), wherein our colleagues in the Second Department determined that, “[i]n [their] opinion, since the orders and the supporting papers were timely affixed to the front door, the fact that the papers mailed were not received on [or before the statute of limitations date] was not a jurisdictional defect” (id. at 926). We disagree with the majority however, that the determination of the Court of Appeals in Matter of King v Cohen (293 NY 435, 439 [1944]), i.e., that mailing the papers on the last day of the statutory period was not sufficient, is of “dubious precedential value.” The Court of Appeals determined in King that the requirement of Election Law § 16-116 (formerly § 335) that “[t]he parties against whom a proceeding of this kind is brought are entitled to such notice thereof as the court, justice or judge shall direct . . . calls for delivery of the instrument of notice not later than on the last day on which the proceeding may be commenced . . . Consequently!,] the attempted service by mail [on the last day] was ineffectual . . . [inasmuch as] the use of registered mail is likely to result in a failure of timely delivery of notice of the proceeding” (King, 293 NY at 439 [internal quotation marks omitted]). As we explained in Matter of Ehle v Wallace (195 AD2d 1086, 1086 [1993], lv denied 82 NY2d 653 [1993]), the requirement in Election Law § 16-116 “calls for delivery of the instrument of notice not later than on the last day on which the proceeding may be commenced.” Here, the “instrument of notice” is the nailing and mailing of the papers (Ehle, 195 AD2d at 1086) and, indeed, both nailing and mailing are required by CPLR 308 (4) for service (see Hopkins v Tinghino, 248 AD2d 794, 795 [1998]). In other words, in accordance with our precedent in Ehle, we interpret King to require delivery of the papers as directed by the court in the order to show cause, i.e., nailing and mailing, within the statutory period. Here, the mailing was not accomplished “at a time when it might reasonably have been expected that receipt would occur within the statutory period” *814 (Matter of Contessa v McCarthy, 40 NY2d 890, 891 [1976]). Although the order to show cause permitted mailing by USPS Express Mail on July 23, 2015, we note that the “ ‘provision could not and did not extend the period of limitations within which to institute the proceeding within the meaning of the Election Law’ ” (Matter of Davis v McIntyre, 43 AD3d 636, 637 [2007]).
Present — Scudder, P.J., Lindley, Sconiers, Valentino and DeJoseph, JJ.