Matter of Facteau v Clinton County Bd. of Elections (2021 NY Slip Op 04743)





Matter of Facteau v Clinton County Bd. of Elections


2021 NY Slip Op 04743


Decided on August 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:August 20, 2021

533784
[*1]In the Matter of Reginald H. Facteau et al., Appellants,
v
Clinton County Board of Elections et al., Respondents, et al., Respondents.

Calendar Date: August 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Reginald H. Facteau, Plattsburgh, and Richard Donah, Morrisonville, appellants pro se.
Jacqueline M. Kelleher, Plattsburgh, for Clinton County Board of Elections, respondent.
Thomas M. Murnane, Plattsburgh, for Kevin Randall and others, respondents.



Per Curiam.
Appeal from an order of the Supreme Court (Cuevas, J.), entered July 22, 2021 in Schenectady County, which, in a proceeding pursuant to Election Law § 16-102, granted a motion by respondent Clinton County Board of Elections to dismiss the petition.
At a caucus held on June 29, 2021, petitioner Reginald H. Facteau and respondent Kevin Randall each were nominated as the Republican Party candidate for the public office of Town Supervisor of the Town of Schuyler Falls in the November 2, 2021 general election. After tallying the ballots cast on that date, Randall prevailed and a certificate of nomination to that effect was filed on July 2, 2021. Also on that date, petitioner Richard Donah and respondents Howard Newton, Ricky White and Michael Thomas each were nominated as the Republican Party candidate for the public office of Member of the Town Council of the Town of Schuyler Falls in the November 2, 2021 general election. Although Donah was unsuccessful in his bid for that position, it appears that no certificate of nomination was filed following the June 2021 caucus. Rather, respondent Victor McCasland, as Chair of the Town of Schuyler Falls Republican Committee, subsequently called for another caucus to determine the nominees for Member of the Town Council. The results of any such balloting do not appear in the record before this Court.
On July 12, 2021, petitioners purchased an index number and request for judicial intervention from the Schenectady County Clerk and presented an order to show cause seeking, among other things, to invalidate the certificate of nomination naming Randall as the Republican Party candidate for the Town Supervisor position. The order to show cause, which was signed by Supreme Court on July 16, 2021, directed that service be made upon the named respondents on or before July 19, 2021. Upon the return date, respondent Clinton County Board of Elections made an oral motion to dismiss the petition for lack of jurisdiction, and Supreme Court afforded the parties an opportunity to address this threshold issue. Supreme Court subsequently granted the motion to dismiss, finding, among other things, that this proceeding was not timely commenced. This appeal by petitioners ensued.
To the extent that petitioners argue that Supreme Court should have granted their oral request that the court recuse itself, we note that, absent a statutory basis for disqualification (see Judiciary Law § 14), which petitioners do not allege, "a trial judge is the sole arbiter of recusal and his or her decision, which lies within the personal conscience of the court, will not be disturbed absent an abuse of discretion" (People v Durham, 195 AD3d 1318, 1319 [2021] [internal quotation marks and citations omitted]). Even accepting that Supreme Court "knew" one of the named respondents, we cannot say, absent record evidence to support petitioners' claim of bias,[FN1] that Supreme Court abused its discretion in determining that recusal was unwarranted[*2].
As to the timeliness of this proceeding, Election Law § 16-102 (2) provides, in relevant part, that "[a] proceeding with respect to a primary, convention, meeting of a party committee, or caucus shall be instituted within [10] days after the holding of such primary or convention or the filing of the certificate of nominations made at such caucus or meeting of a party committee." A special proceeding, in turn, is commenced by the filing of a petition (see CPLR 304 [a]; 2102 [a]; Election Law § 16-116). Notably, "[a] petitioner raising a challenge under Election Law § 16-102 must commence the proceeding and complete service on all the necessary parties within the period prescribed by Election Law § 16-102 (2). In order to properly complete service, actual delivery must occur no later than the last day upon which the proceeding may be commenced" (Matter of Sauberman v Weinstock, 183 AD3d 1107, 1109 [2020] [internal quotation marks and citations omitted]; see Matter of Angletti v Morreale, 25 NY3d 794, 797 [2015]; Matter of DeStefano v Borkowski, 153 AD3d 817, 818 [2017], lv denied 29 NY3d 915 [2017]). As the certificate of nomination for the Town Supervisor position was filed on July 2, 2021, the last day upon which to commence this proceeding was July 12, 2021.
Even accepting as true that the petition was timely filed on July 12, 2021, the fact remains, as evidenced by the affidavits of service contained in the record, that none of the named respondents was served with the petition prior to the expiration of the statute of limitations. To the extent that petitioners rely upon the service provisions embodied in the order to show cause, which permitted service by various means on or before July 19, 2021, such reliance is misplaced. A court cannot extend the time within which to commence an action or proceeding (see CPLR 201; Matter of Sengstacken v Zoning Bd. of Appeals of Town of Ramapo, 87 AD2d 651, 652 [1982]). Hence, even assuming that petitioners served respondents in compliance with the order to show cause, this proceeding still would be untimely, as the service provisions "could not and did not extend the period of limitations within which to institute [this] proceeding within the meaning of the Election Law" (Matter of Davis v McIntyre, 43 AD3d 636, 637 [2007] [internal quotation marks and citation omitted]; see Election Law § 16-116; Matter of Angletti v Morreale, 131 AD3d 808, 811 [2015], affd 25 NY3d 794 [2015]). Accordingly, Supreme Court properly dismissed this proceeding as time-barred.[FN2]
Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The record is silent as to the specifics of Supreme Court's disclosure and/or the substance of any discussions had relative to petitioners' recusal request.

Footnote 2: To the extent that petitioners argue that counsel was negligent in his handling of this matter, any claim in this regard is beyond the scope of a proceeding under Election Law § 16-102.