Matter of Stern v Putnam County Bd. of Elections (2023 NY Slip Op 04497)

Matter of Stern v Putnam County Bd. of Elections

2023 NY Slip Op 04497

Decided on September 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-08009

[*1]In the Matter of Michael E. Stern, respondent,
v
Putnam County Board of Elections, et al., appellants. (Westchester County Index No. 50372/23)

DECISION & ORDER
In a proceeding, inter alia, to validate an independent nominating petition nominating Michael E. Stern as a candidate of the Concerned Taxpayers of Carmel Party for the public office of Town of Carmel Superintendent of Highways in a general election to be held on November 7, 2023, the appeal is from a final order of the Supreme Court, Westchester County (Hal B. Greenwald, J.), dated August 29, 2023. The final order, after a hearing, denied the motion of the Putnam County Board of Elections, Catherine P. Croft, and Kelly Primavera pursuant to CPLR 3211(a) to dismiss the petition, inter alia, to validate, granted the petition, inter alia, to validate, and, in effect, directed the Putnam County Board of Elections, Catherine P. Croft, and Kelly Primavera to place the petitioner's name on the appropriate ballot.
ORDERED that the final order is reversed, on the law, without costs or disbursements, the motion of the Putnam County Board of Elections, Catherine P. Croft, and Kelly Primavera pursuant to CPLR 3211(a) to dismiss the petition, inter alia, to validate is granted, the proceeding is dismissed, and the Putnam County Board of Elections, Catherine P. Croft, and Kelly Primavera are directed to remove the petitioner's name from the appropriate ballot.
On May 26, 2023, the petitioner filed an independent nominating petition designating himself as a candidate of the Concerned Taxpayers of Carmel Party (hereinafter the Party) for the public office of Town of Carmel Superintendent of Highways in a general election to be held on November 7, 2023. On June 6, 2023, the Putnam County Board of Elections and its commissioners, Catherine P. Croft and Kelly Primavera (hereinafter collectively the appellants), informed the petitioner, who was not a duly enrolled member of the Party, that his independent nominating petition was null and void because he did not timely file a certificate of acceptance by the Party. Since the last day to file independent nominating petitions for the November 7, 2023 general election was May 30, 2023 (see Election Law § 6-158[9]), the last day for the petitioner to commence a proceeding to validate his independent nominating petition was June 13, 2023 (see id. § 16-102[2]).
The petitioner commenced this proceeding, inter alia, to validate his independent designating petition in the Supreme Court, Putnam County, by filing a proposed order to show cause and a verified petition on June 12, 2023. However, all three Justices sitting in that court recused themselves, and the matter was transferred to the Supreme Court, Westchester County. The order to show cause was signed by a Justice sitting in the Supreme Court, Westchester County, on June 14, 2023. The order to show cause and petition, inter alia, to validate were served on the appellants that same day. Subsequently, the appellants moved pursuant to CPLR 3211(a) to dismiss the petition, inter alia, to validate. The appellants argued, among other things, that this proceeding was [*2]time-barred. In a final order dated August 29, 2023, after a hearing, the Supreme Court, Westchester County, denied the appellants' motion to dismiss, granted the petition, inter alia, to validate, and, in effect, directed the appellants to place the petitioner's name on the appropriate ballot. The court reasoned, in part, that the late filing would not prejudice the appellants, and that the procedural delays could not have been anticipated and should be permitted in the interest of fairness. This appeal ensued.
Although the petitioner denominated this proceeding as one seeking relief pursuant to, among other things, CPLR article 78, he seeks to be added as a candidate to the ballot based on an alleged failure by the appellants to comply with the nomination and designation procedures of the Election Law. Accordingly, this proceeding is governed by the time limitations set forth in the Election Law (see Matter of Nowinski v New York City Bd. of Elections, 164 AD3d 722, 724; Matter of Ciotti v Westchester County Bd. of Elections, 109 AD3d 988, 989).
"To properly institute a proceeding raising a challenge under Election Law § 16-102, a petitioner must commence the proceeding and complete service on all the necessary parties within the period prescribed by Election Law § 16-102(2)" (Matter of McCrory v Westchester County Bd. of Elections, 216 AD3d 857, 858 [internal quotation marks omitted]; see Election Law § 16-116; Matter of Stora v New York State Bd. of Elections, 208 AD3d 1213, 1213-1214). "The courts of this State have repeatedly determined that the filing deadlines in the Election Law are mandatory and absolute, and are not subject to the discretion of the courts or the judicial fashioning of exceptions, regardless of how reasonable they may appear to be" (Matter of Jasikoff v Commissioners of the Westchester County Bd. of Elections, 183 AD3d 669, 670; see Matter of Seawright v Board of Elections in the City of N.Y., 35 NY3d 227, 233; Matter of Hutson v Bass, 54 NY2d 772, 774).
Here, since the petitioner did not complete service on the appellants by June 13, 2023, the proceeding was untimely under Election Law § 16-102(2), and the Supreme Court should have granted the appellants' motion to dismiss the petition, inter alia, to validate (see Matter of McCrory v Westchester County Bd. of Elections, 216 AD3d at 858; Matter of Stora v New York State Bd. of Elections, 208 AD3d at 1213-1214; Matter of Jasikoff v Commissioners of the Westchester County Bd. of Elections, 183 AD3d at 670).
In light of our determination, we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER: Darrell M. Joseph Acting Clerk of the Court