Matter of Minichino v Fox (2023 NY Slip Op 04707)

Matter of Minichino v Fox

2023 NY Slip Op 04707

Decided on September 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 21, 2023

CV-23-1736
[*1]In the Matter of Donald F. Minichino et al., Appellants,
v
Hugh Fox Jr. et al., Respondents, et al., Respondents.

Calendar Date:September 20, 2023

Before:Egan Jr., J.P., Lynch, Clark, Fisher and Powers, JJ.

Fusco Law Office, Albany (Adam Fusco of counsel), for appellants.
Daniel Szalkiewicz & Associates, PC, New York City (Daniel S. Szalkiewicz of counsel), for Hugh Fox Jr. and another, respondents.
Law Office of Jeffrey W. Gasbarro, Ossining (Jeffrey W. Gasbarro of counsel), for Francesca Connolly and others, respondents.
John Ciampoli, Sayville, respondent pro se.
John A. Sarcone III, Croton-on-Hudson, respondent pro se.

Per Curiam.
Appeal from a judgment of the Supreme Court (Thomas Marcelle, J.), entered September 12, 2023 in Albany County, which partially dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to, among other things, declare invalid the certificate of nominations naming respondents Francesca Connolly, Larry J. Schwartz, Rolf M. Thorsen and Charley Wood as the Conservative Party candidates for the public office of Justice of the Supreme Court for the Ninth Judicial District in the November 7, 2023 general election.
Petitioners are enrolled members of the Conservative Party and served as delegates to the Conservative Party judicial nominating convention for the Ninth Judicial District that was held on August 13, 2023. Respondent Hugh Fox Jr. served as chair of the convention, and respondent Evelyn Kahlow served as secretary of the convention. On that date, eight names were placed in nomination as candidates for the public office of Justice of the Supreme Court for the Ninth Judicial District in the November 7, 2023 general election — respondents Francesca Connolly, Larry J. Schwartz, Rolf M. Thorsen, Charley Wood, John A. Sarcone III, Karen Ostberg, Susan M. Sullivan-Bisceglia and John Ciampoli. At the conclusion of the voting that followed, Connolly, Schwartz, Thorsen and Wood emerged as the successful nominees. A certificate of nominations and minutes memorializing the results of the convention were filed with respondent State Board of Elections on August 15, 2023, within the time periods prescribed by Election Law § 6-158 (6) (d).
Petitioners thereafter filed objections and specifications to the certificate of nominations and convention minutes citing various improprieties regarding the manner in which the voting at the convention took place, as well as certain inaccuracies in the minutes themselves. On August 23, 2023, and prior to the Board ruling upon such objections and specifications, petitioners filed this proceeding pursuant to Election Law § 16-102 seeking to invalidate the certificate of nominations and the corresponding convention minutes. Fox, Kahlow, Connolly, Schwartz, Thorsen and Wood answered raising various affirmative defenses, including that the proceeding was barred by the 10-day statute of limitations set forth in Election Law § 16-102 (2), and Sarcone and Ciampoli filed affidavit/answers.[FN1] The matter proceeded to a hearing before Supreme Court on September 5, 2023.
Following the hearing, Supreme Court partially dismissed petitioners' application, finding that petitioners' challenge to the certificate of nominations was barred by the 10-day statute of limitations set forth in Election Law § 16-102 (2). Insofar as petitioners took issue with the convention minutes, the court concluded that Fox's conduct during the course of the convention left him with "unclean hands" and, therefore, he should not be permitted to interpose a statute of limitations defense in this regard. As to a remedy, the court invalidated [*2]the committee to fill vacancies as set forth in the underlying convention minutes.[FN2] This appeal by petitioners ensued.
Petitioners initially contend that the underlying proceeding is timely within the meaning of Election Law § 16-102 (2). We disagree. "To properly institute a proceeding raising a challenge under Election Law § 16-102, a petitioner must commence the proceeding and complete service on all the necessary parties within the period prescribed by Election Law § 16-102 (2)" (Matter of McCrory v Westchester County Bd. of Elections, 216 AD3d 857, 858 [2d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of Stern v Putnam County Bd. of Elections, ___ AD3d ___, ___, 2023 NY Slip Op 04497, *2 [2d Dept 2023]; see Matter of Facteau v Clinton County Bd. of Elections, 197 AD3d 840, 842 [3d Dept 2021]). As relevant here, Election Law § 16-102 (2) requires that "[a] proceeding with respect to a primary, convention, meeting of a party committee, or caucus shall be instituted within [10] days after the holding of such primary or convention or the filing of the certificate of nominations made at such caucus or meeting of a party committee" (accord Matter of Facteau v Clinton County Bd. of Elections, 197 AD3d at 842). "The courts of this [s]tate have repeatedly determined that the filing deadlines in the Election Law are mandatory and absolute, and are not subject to the discretion of the courts or the judicial fashioning of exceptions, regardless of how reasonable they may appear to be" (Matter of Stern v Putnam County Bd. of Elections, 2023 NY Slip Op 04497 at *2 [internal quotation marks and citations omitted]; see Matter of Hawatmeh v New York State Bd. of Elections, 183 AD3d 1109, 1111 [3d Dept 2020], affd 35 NY3d 227 [2020]).
Contrary to petitioners' assertion, their claims challenging the actions at the judicial nominating convention and/or the resulting nominations "accrued when the convention occurred" (Matter of Stack v Fisher, 121 AD3d 1280, 1280 [3d Dept 2014]), and whatever irregularities may have existed in the subsequently-filed minutes of the convention or certificate of nominations do not operate to extend the statute of limitations. Hence, petitioners were required to commence this proceeding " 'within 10 days after the holding of the convention' " (id. at 1281 [brackets omitted], quoting Election Law § 16-102 [2]). Although petitioners read the statute to mean that this proceeding must be commenced within 10 days of either the holding of the judicial nominating convention or the filing of the resulting certificate of nominations, their interpretation is contrary to the clear and unambiguous language of the statute itself.
The statute — on its face — draws a distinction between primaries and conventions, on the one hand, and caucuses and party committee meetings on the other. A proceeding to challenge the former must be commenced within 10 days of the holding thereof (see Matter of Stack v Fisher, 121 AD3d [*3]at 1280); a proceeding to challenge the latter must be commenced within 10 days of the filing of the resulting certificate (see e.g. Matter of Kryzan v New York State Bd. of Elections, 55 AD3d 1217, 1219 [3d Dept 2008]). Since the judicial nominating convention was held on August 13, 2023, the statutory period ended on August 23, 2023. We recognize that petitioners filed the petition on August 23, but they did not initiate service until the next day, which put them beyond the 10-day period allowed by Election Law § 16-102 (2) (see Matter of Sauberman v Weinstock, 183 AD3d 1107, 1109 [3d Dept 2020]). Accordingly, we are constrained to find that petitioners' challenge to the manner in which the judicial nominating convention was conducted and/or the nominations that resulted therefrom is time-barred.
As to petitioners' remaining arguments with respect to equitable relief, even assuming, without deciding, that equitable estoppel is available in the context of an Election Law proceeding, petitioners, as delegates to the judicial nominating convention at which the alleged irregularities took place, were present and well aware of such improprieties at the time that they occurred (cf. Matter of Wustrau v Accord Fire Dist., 200 AD3d 1395, 1400 [3d Dept 2021] [equitable estoppel was applied where the petitioner "justifiably relied on . . . misrepresentations" regarding the finality of the subject election which prevented the petitioner from commencing a timely proceeding], lv denied 38 NY3d 912 [2022]). Accordingly, petitioners were not hindered or precluded from commencing this proceeding in a timely fashion. Petitioners' remaining arguments, to the extent not time-barred, have been examined and found to be academic.
Egan Jr., J.P., Lynch, Clark, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Although the unsuccessful nominees participated at the hearing in Supreme Court and some of them subsequently participated on appeal, none of them sought affirmative relief.

Footnote 2: As petitioners are not aggrieved by Supreme Court's decision to invalidate the committee to fill vacancies, and in the absence of a cross-appeal, we have no occasion to address this remedy.