Matter of Sweat v Dutchess County Bd. of Elections (2023 NY Slip Op 05217)

Matter of Sweat v Dutchess County Bd. of Elections

2023 NY Slip Op 05217

Decided on October 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-08498
 (Index No. 751/23)

[*1]In the Matter of Alvin Sweat, appellant,
v
Dutchess County Board of Elections, et al., respondents.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate an independent nominating petition nominating Alvin Sweat as a candidate of the Alvin Sweat Party for the public office of Mayor of the City of Poughkeepsie in a general election to be held on November 7, 2023, Alvin Sweat appeals from a final order of the Supreme Court, Dutchess County (Michael G. Hayes, J.), dated August 11, 2023. The final order granted the respondents' motion to dismiss the petition, inter alia, to validate and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
In May 2023, the petitioner, Alvin Sweat, filed an independent nominating petition with the Dutchess County Board of Elections (hereinafter the Board) nominating himself as a candidate of the Alvin Sweat Party for the public office of Mayor of the City of Poughkeepsie in a general election to be held on November 7, 2023. On June 5, 2023, the Board, and its commissioners, Erik J. Haight and Hannah R. Black (hereinafter together the commissioners), informed the petitioner that his independent nominating petition was invalid because he did not timely file an original certificate of acceptance for the nomination.
On June 23, 2023, the petitioner commenced this proceeding against the Board and the commissioners (hereinafter collectively the respondents) pursuant to Election Law § 16-102, inter alia, to validate his independent nominating petition. The respondents moved to dismiss the petition, inter alia, to validate on the ground, among others, that the proceeding was untimely pursuant to Election Law § 16-102(2). In a final order dated August 11, 2023, the Supreme Court granted the respondents' motion to dismiss and dismissed the proceeding. The petitioner appeals.
Contrary to the petitioner's contention, since he seeks to be added as a candidate to the ballot based on the respondents' alleged failure to comply with the nomination and designation procedures of the Election Law, this proceeding is governed by the time limitations set forth in the Election Law (see Matter of Stern v Putnam County Bd. of Elections, ___ AD3d ___, ___, 2023 NY Slip Op 04497, *1 [2d Dept]).
To properly institute a proceeding to validate under Election Law § 16-102, a petitioner must commence the proceeding and complete service on all the necessary parties within the period prescribed by Election Law § 16-102(2) (see Matter of Stora v New York State Bd. of Elections, 208 AD3d 1213, 1213-1214). Pursuant to that statute, "[a] proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition . . . or within [*2]three business days after the officer or board with whom . . . such petition was filed, makes a determination of invalidity with respect to such petition . . . , whichever is later" (Election Law § 16-102[2]).
Here, since the last day to file independent nominating petitions for the November 7, 2023 general election was May 30, 2023 (see id. § 6-158[9]), the last day for the petitioner to commence a proceeding to validate his independent nominating petition was June 13, 2023 (see id. § 16-102[2]; Matter of Stern v Putnam County Bd. of Elections, ___ AD3d at ___, 2023 NY Slip Op 04497, *1). As the petitioner commenced this proceeding on June 23, 2023, the proceeding was untimely, and the Supreme Court properly granted the respondents' motion to dismiss on that basis (see Matter of Stern v Putnam County Bd. of Elections, ___ AD3d at ___, 2023 NY Slip Op 04497, *2; Matter of McCrory v Westchester County Bd. of Elections, 216 AD3d 857, 858; Matter of Stora v New York State Bd. of Elections, 208 AD3d at 1213-1214).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER: Darrell M. Joseph Acting Clerk of the Court