Matter of Mahler v Siniscalchi (2024 NY Slip Op 03125)

Matter of Mahler v Siniscalchi

2024 NY Slip Op 03125

Decided on June 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-04296
 (Index No. 378/24)

[*1]In the Matter of Stephen R. Mahler, appellant,
v
Emily Siniscalchi, etc., respondent.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate an independent nominating petition nominating Stephen R. Mahler as a candidate of the Atlantic Beach Morality Party for the public office of Mayor of the Village of Atlantic Beach in a general election to be held on June 18, 2024, Stephen R. Mahler appeals from a final order of the Supreme Court, Nassau County (Robert G. Bogle, J.), dated May 29, 2024. The final order granted the respondent's motion to dismiss the petition, inter alia, to validate and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
On May 14, 2024, the petitioner, Stephen R. Mahler, filed an independent nominating petition with Emily Siniscalchi, the clerk of the Village of Atlantic Beach (hereinafter the clerk), nominating himself as a candidate of the Atlantic Beach Morality Party for the public office of Mayor of the Village of Atlantic Beach in a general election to be held on June 18, 2024. The independent nominating petition provided, among other things, that the election was to be held on June 17, 2014. After reviewing the independent nominating petition, on May 16, 2024, the clerk determined that the petition was "insufficient" since it did not "comply with the requirements of law" and informed the petitioner that he would not appear on the ballot.
The petitioner commenced this proceeding against the clerk pursuant to Election Law § 16-102, inter alia, to validate his independent nominating petition. Thereafter, the clerk moved to dismiss the petition, inter alia, to validate on the ground, among others, that the petitioner failed to properly effectuate service on her and to include on the independent nominating petition the correct date of the election. In a final order dated May 29, 2024, the Supreme Court granted the clerk's motion to dismiss the petition, inter alia, to validate and dismissed the proceeding. The petitioner appeals.
"To properly institute a proceeding to validate under Election Law § 16-102, a petitioner must commence the proceeding and complete service on all the necessary parties within the period prescribed by Election Law § 16-102(2)" (Matter of Sweat v Dutchess County Bd. of Elections, 220 AD3d 828, 829). Election Law § 16-102(2) provides, in part, that "a proceeding with respect to a petition for a village election . . . shall be instituted within seven days after the last day to file the certificate or petition for such village election or nomination" (see Matter of Sweat v Dutchess County Bd. of Elections, 220 AD3d at 829; Matter of Stora v New York State Bd. of Elections, 208 AD3d 1213, 1213). "The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with" (Matter of Rotanelli v Board of Elections of Westchester County, 109 AD3d 562, 562 [internal quotation marks omitted]). "Service [*2]within the statutory period by means other than those authorized by the order to show cause does not bring a respondent within the court's jurisdiction" (id. at 563).
Here, the proceeding was jurisdictionally defective. Even accepting the petitioner's assertion in his affidavit of service that he served an order to show cause on the clerk by mail on May 21, 2024, that date being the last day on which to commence this proceeding, he presented no proof that the clerk received delivery by mail that same day, and the clerk asserted that she did not receive service of the order to show cause by mail on that day. "Service by mail of the instrument of notice is not deemed complete if the person to be served did not actually receive delivery by the last day on which the proceeding could be commenced" (Matter of Yellico v Ringer, 185 AD2d 965, 966; see Matter of Floyd v Coveney, 83 AD2d 897). Moreover, the petitioner's attempt to personally serve the clerk was not authorized by the order to show cause and, additionally, was improperly made by the petitioner himself (see CPLR 2103[a]; Matter of Sloan v Graham, 10 AD3d 433).
In any event, even if the proceeding were not jurisdictionally defective, the independent nominating petition was invalid because it stated an incorrect date of the election (see Election Law § 6-140[1]; Matter of O'Connor v Salerno, 105 AD2d 487, 488; see generally Matter of Hutson v Bass, 54 NY2d 772, 774).
The petitioner's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the clerk's motion to dismiss the petition, inter alia, to validate and dismissed the proceeding.
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court