In the Matter of MOLLIE GARFINKEL et al., Petitioners, against JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, September 2, 1955.

*Morris Goldman* and *Jack Turret* for petitioners.

*Saul Berger* for William Madensky and others, respondents.

MARKEWICH, J. Petitioners seek to annul the designations of the four respondents, Sidney Moses, Bernat Klein, Lea Mermelstein, and Paula R. Berger to be substituted candidates for the party position of member of the Democratic County Committee, Sixth Assembly District, New York County. It is claimed that respondents fall within the inhibition set forth in *Matter of Nestler* v. *Cohen* (242 App. Div. 726): "The Election Law plainly contemplates that the candidate designated to fill a vacancy shall be a person other than the person originally named."

Originally, and prior to August 12, 1955, each respondent had been named in a designating petition for such party position, to be voted on in a particular election district; each respondent declined in due form on August 12th; at the same time the committee to fill vacancies, named in the designating petition to function in that assembly district, filled the vacancies caused by the said declinations by designating each of the declining respondents to fill one of the vacancies caused by the declinations of the other three.

Petitioners contend that the vacancy is in the party position of member of the county committee, and that the unit within which each designee is a candidate for the identical party position in the county, and certainly no smaller than the assembly district. Respondents contend the unit to be the election district, so that a county committeeman elected in one election district has his exact counterpart only in the person of another county committeeman elected within the same election district.

In this case of first impression, I find that I must sustain the petitioners, not because of the chaos which might result from the interpretation suggested by petitioners, but because I find the net result of the respondents' manoeuvers to have been that each was designated for the identical party position bearing the same title as that, the designation for which had been declined. The sole distinction is that each, if allowed to remain on the ballot, will run in an election district other than the one for which designated in the original petition. Each was, therefore, not "a person other than the person originally named." Various indicia point this way: only one committee to fill vacancies covers the whole assembly district; a candidate for county committee may be named to be voted for in any election district in which he resides; a vacancy in the party position of county

committeeman occurring after election is filled, not within the election district, but in a larger unit, i.e., the entire county; all of the designees for the party position of county committeeman within the assembly district are named in the one designating petition. Accordingly, the petition must be granted, and the board of elections will be directed to declare that said respondents, Sidney Moses, Bernat Klein, Lea Mermelstein and Paula R. Berger, ineligible and unqualified to fill the said vacancies, and their names are not to appear on the ballots in the several election districts of the Sixth Assembly District, New York County, in which they have been purported to have been substituted. Settle order on one day's notice.