Nathaniel T. Helman, J.
This is an application to annul the designation of Sharon Doyle Spring to be substituted as candidate for the party position of Democratic female district leader of the 71st Assembly District Part C, on the “ Friedland ” petition. The issues involved were referred to the Referee, who had conducted a hearing and has filed his report to the court. The report is in all respects confirmed.
The evidence discloses that the Democratic designating petition for party positions of male and female district leader, members of the county committee, delegates and alternates to the First Judicial District Convention for the 71st Assembly District, Part C, were duly filed in the Board of Elections. One petition containing 1941 signatures designated David B. Fried-land and Abigail T. Sullivan as candidates for the male and female leadership. A second petition designated Stephen S. Gottlieb and Sharon Doyle Spring for candidates as male and female district leaders and contained 336 signatures. A third petition for district leadership was filed by others but is not pertinent to the issues herein.
As 350 valid signatures are required by law to designate a candidate for district leadership, the Board of Elections declared the “ Gottlieb-Spring ” designating petition for district leadership to be. invalid.
The records also disclose that both Sharon Doyle Spring and Abigail T. Sullivan had filed declinations as candidates for female district leadership and that Sharon Doyle Spring was substituted in place of Abigail T. Sullivan.
*10 Petitioner contends that Spring having declined the designation for female leadership cannot be substituted to fill the vacancy caused by the declination of Sullivan and that “ the Election Law plainly contemplates that the candidate designated to fill a vacancy shall be a person other than the person originally named” (Matter of Nestler v. Cohen, 242 App. Div. 726; Matter of Garfinkel v. Power, 208 Misc. 719, affd. 286 App. Div. 957, affd. 309 N. Y. 779).
The cases cited by petitioner are distinguishable from the case at bar. In the cases of Matter of Nestler v. Cohen and Matter of Garfinkel v. Power (supra), the court prohibited the designation of substituted candidate where the candidate had been previously named by a valid designating petition for the same office and had declined designation. Here the “ GottliebSpring ’ ’ petition was declared invalid and perforce Sharon Doyle Spring was not ‘ ‘ nominated ” as a candidate for female leadership. Consequently she does not fall within the inhibition of the cases relied on by petitioner. Accordingly the petition will be dismissed.