In the Matter of MIRIAM BOCKMAN, Respondent, v ALICE SACHS et al., Constituting the Board of Elections of the City of New York, Respon-

dents, and DOROTHY RYAN, Respondent-Appellant, and GERTRUDE ZAGER et al., Respondents.—Judgment (denominated order), Supreme Court, New York County, entered August 3, 1977, reversed, on the law, and the board of elections directed to place the name of respondent-appellant Dorothy Ryan upon the ballot at the primary election to be held September 8, 1977, as a candidate for the party position of Democratic female district leader of the 64th Assembly District, Part A, without costs and without disbursements. On July 7, 1977, two separate designating petitions with entirely different committees to fill vacancies were filed for the above-stated office, as well as for the male counterpart; Barbara Cardinali and respondent-appellant Ryan were each designated on one of the petitions for the female office. Four days later, Cardinali filed a declination, apparently for personal reasons. Ryan, preferring political association with the male candidate theretofore paired with Cardinali, on the same day filed a declination of the designation theretofore held by her and accepted designation by Cardinali's committee to fill vacancies as the latter's successor as candidate. Petitioner-respondent sought at Special Term to void that designation. Special Term, citing *Matter of Nestler v Cohen* (242 App Div 726) and *Matter of Garfinkel v Power* (208 Misc 719, affd 286 App Div 957, affd 309 NY 779), held that "once having been designated as a candidate on one petition and having declined the designation, Ryan was ineligible to be named for the identical position by the committee to fill vacancies of another candidate." *Nestler* speaks only in generalities for the proposition cited. *Garfinkel* is to be distinguished. The latter decision was based upon certain indicia which persuaded the court that those who declined and were designated anew were not only named for the identical office which had been forsworn by the declination but under the identical petition with the identical committee to fill vacancies (see pp 720-721). The situation before us is entirely different, with a different committee on vacancies from that on the abandoned petition, and a different cocandidate.* While respondent-appellant returns to designation for the same party position for which earlier named, it is under different auspices and no longer the same designation, *Garfinkel* has no application, and the petition to remove Ryan from the ballot should have been denied. The form of declination is headed in the largest, most prominent type on the form "DECLINING FROM PETITION HEADED BY COMMITTEE ON VACANCIES" and not "declining candidacy for office." A candidate signing such a form in the hectic atmosphere of an election campaign may well believe that she is only declining to be named in a petition with a particular committee on vacancies, and not that she is declining to be a candidate for the office at all. That appears to be the situation in this case. Of course, Ryan could have accomplished her purpose by acceptance of the replacement designation without declining her original designation and have been the beneficiary of both. That she chose to do otherwise for whatever reason should not affect her status. Concur—Silverman, Evans, Lane and Markewich, JJ., Kupferman, J. P., dissents and would affirm.

---

* The standard form of declination, handed up at the argument, used for years by the board of elections for the purpose, has as its heading the list of members of the committee to fill vacancies; this is the means used to distinguish one petition from another, particularly where candidates for different offices are joined in a single petition.