■ In the Matter of PASQUALE J. CURCIO, Appellant, v GEORGE WOLF et al., Respondents. (Proceeding No. 1.) In the Matter of PASQUALE J. CURCIO, Appellant, v GEORGE WOLF et al., Respondents. (Proceeding No. 2.)—In consolidated proceedings to invalidate certificates authorizing the designation of Edward P. Romaine, Baloassaro Jenna, Peter Pilsiokos (denominated in the petition as "Peter Pilsiokof"), Joseph Rizzo,

and George P. Schimpf (denominated in the petition as "George P. Schimp"). Thomas R. Finlay, and Michael A Lo Grande, as candidates in the Conservative Party primary election to be held on September 15, 1987, for the respective public offices of Member of the Suffolk County Legislature (respondents Romaine, Jenna, Pilsiokos, Rizzo, Schimpf and Finlay), and County Executive of Suffolk County (respondent Lo Grande) (proceeding No. 1), and to invalidate certificates authorizing the designation of Louis Boschetti, Irene Pendzick (denominated in the petition as "Mrs. Pendzick"), Dorothy Jermusyk, and John A. Lombardi (denominated in the petition as "Mr. Lombardi"), as candidates in the Conservative Party primary election to be held on September 15, 1987, for the respective public offices of Supervisor of the Town of Riverhead, Riverhead Town Clerk, Riverhead Town Tax Receiver, and Riverhead Town Councilman (proceeding No. 2), the appeal is from a judgment of the Supreme Court, Suffolk County (Geiler, J.), dated August 5, 1987, which dismissed the petitions.

Ordered that the judgment is affirmed, without costs or disbursements.

In these proceedings the petitioner challenges the validity of certificates of authorization permitting candidates to be designated for nomination on the Conservative Party line. In both cases, he contends, on different grounds, that the committees issuing the certificates of authorization lacked the authority to do so.

Specifically, in proceeding No. 1, the petitioner alleges that the certificates of authorization issued by the Suffolk County Conservative Party Executive Committee were fatally defective because the requisite quorum was not present at the time a vote was taken on the proposed nominations. Although the certificates of authorization were acknowledged by the person who presided over the meeting and purported to act as chairperson of the Executive Committee, that person was not joined as a party to the proceeding.

In proceeding No. 2, the petitioner challenges the credentials of the Town of Riverhead Conservative Party Executive Committee that issued the subject certificates of authorization, but did not join that committee as a party.

Under the circumstances presented in each case, we agree with the court's determination that the petitions must be dismissed for failure to join parties necessary to the proceedings (see, CPLR 1001 [a]; *Matter of Sahler v Callahan*, 92

AD2d 976, 977). Mollen, P. J., Mangano, Thompson, Lawrence and Sullivan, JJ., concur.