(August 23, 2000)

■ In the Matter of R. LAWRENCE BARBUTO, Appellant, v JOHN SARCONE, Respondent, et al., Respondent. [713 NYS2d 128] —In a proceeding pursuant to Election Law § 16-102, *inter alia*, to invalidate a petition designating John Sarcone as a candidate in a primary election to be held on September 12, 2000, for the nomination of the Independence Party as its candidate for the

public office of Member of the New York State Assembly for the 90th Assembly District, the petitioner appeals from so much of an order and final order (one paper) of the Supreme Court, Westchester County (Colabella, J.), entered August 10, 2000, as granted the motion of John Sarcone to dismiss the petition for failure to join a necessary party, and dismissed the petition.

Ordered that the order and final order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner contends that the respondent John Sarcone failed to timely institute a proceeding to validate the designating petition or timely interpose an answer in this proceeding containing the affirmative defense of failure to join a necessary party. Contrary to the petitioner's contention, the assertion by Sarcone in his answer of an affirmative defense alleging failure to join a necessary party is not governed by the 14-day period for commencement of a "proceeding with respect to a petition" set forth in Election Law § 16-102 (2). Moreover, since the Supreme Court did not decide Sarcone's cross petition to validate the designating petition, we need not reach the issue of whether the cross petition was timely instituted.

Although the petition seeks to challenge the actions and authority of the Interim County Organization/Steering Committee of the Westchester Independence County Committee, this necessary party was not joined in the proceeding. Therefore, the Supreme Court correctly dismissed the proceeding (*see, CPLR 1001 [a]; 1003; *Matter of Jenkins v Board of Elections*, 270 AD2d 436; *Matter of Rizzo v Withers,* 158 AD2d 497; *Matter of Oberle v Caracappa,* 133 AD2d 241; *Matter of Curcio v Wolf,* 133 AD2d 188). Bracken, J. P., McGinity, Luciano, Feuerstein and Schmidt, JJ., concur.