■ In the Matter of GILBERTO FLORES et al., Appellants, v JAMES L. KAPSIS et al., Respondents, et al., Respondents. [780 NYS2d 798]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate certificates of authorization purporting to designate Peter T. King, Carolyn McCarthy, Charles Brisbane, Charles J. Ferzola, Martin M. Marshak, John R. Lewis, Joshua S. Ketover, William R. Funk, Richard S. Skolnic, Kathleen M. Magin-Arecco, Mary E. Altrui, Earlene Hooper, Jay L.T. Breakstone, Harvey Weisenberg, George E. Bassias, Daniel A. Torres, Richard S. Taubman, and Anthony A. Pellegrino as

candidates in a primary election to be held on September 14, 2004, for the nomination of the Independence Party for the public offices of Member of Congress, 3rd Congressional District, Member of Congress, 4th Congressional District, State Senator, 5th Senate District, State Senator, 6th Senate District, State Senator, 7th Senate District, State Senator, 8th Senate District, State Senator, 9th Senate District, Member of the Assembly, 12th Assembly District, Member of the Assembly, 14th Assembly District, Member of the Assembly, 15th Assembly District, Member of the Assembly, 17th Assembly District, Member of the Assembly, 18th Assembly District, Member of the Assembly, 19th Assembly District, Member of the Assembly, 20th Assembly District, Member of the Assembly, 21st Assembly District, Member of the Assembly, 14th Assembly District, Member of the Assembly, 15th Assembly District, and Member of the Assembly, 17th Assembly District, respectively, the petitioners appeal from a final order of the Supreme Court, Nassau County (Stack, J.), entered August 12, 2004, which denied the petition and dismissed the proceeding for failure to join a necessary party.

Ordered that the final order is affirmed, without costs or disbursements.

The petition seeks to challenge the actions and authority of the Interim Committee of the Independence Party for the County of Nassau. Pursuant to the Rules of the New York State Committee of the Independence Party, article X (1) and (2), such an interim county organization is "a committee of the State Committee" of the Independence Party (hereinafter the State Committee) and is made up of members of the State Committee. Accordingly, the State Committee is a necessary party to the proceeding, and the petitioners' failure to join it was jurisdictionally fatal (*see* CPLR 1001 [a]; *Matter of Cornicelli v Scannell*, 307 AD2d 1006 [2003]; *Matter of Barbuto v Sarcone*, 275 AD2d 424 [2000]). Therefore, the Supreme Court correctly denied the petition and dismissed the proceeding.

In view of the foregoing jurisdictional finding, we need not reach the parties' remaining contentions, including the issue of whether the Supreme Court Justice should have recused herself. Altman, J.P., Smith, Rivera and Fisher, JJ., concur.