(August 27, 2007)

■ In the Matter of THOMAS J. JACOBELLIS et al., Appellants, v JOSEPH J. FONSECA et al., Respondents, et al., Respondents. [844 NYS2d 316]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate petitions designating Joseph J. Fonseca, Joseph A.

D'Ambrosio, Paul F. Spiegel, Patricia E. Ploeger, Scott Y. Auster, David Spittal, Wendy M. Whetsel, Michael L. Fila, Catherine Croft, and John F. Riley as candidates in a primary election to be held on September 18, 2007 for the nomination of the Working Families Party as its candidates for the public offices of Town Justice of the Town of Carmel, Council Member of the Town of Kent, Council Member of the Town of Patterson, Town Justice of the Town of Patterson, Council Member of the Town of Putnam Valley, Supervisor of the Town of Putnam Valley, Highway Superintendent of the Town of Southeast, Clerk of the Town of Southeast, and Council Member of the Town of Southeast, the petitioners appeal from a final order of the Supreme Court, Putnam County (O'Rourke, J.), dated August 10, 2007, which granted the motion of Joseph J. Fonseca, Joseph A. D'Ambrosio, Paul F. Spiegel, Patricia E. Ploeger, Scott Y. Auster, David Spittal, Wendy M. Whetsel, Michael L. Fila, Catherine Croft, and John F. Riley to dismiss the proceeding for failure to join a necessary party and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

In seeking to invalidate designating petitions based on the alleged failure of the Executive Committee of the State Committee of the Working Families Party (hereinafter the Executive Committee) to comply with Election Law § 6-108, the petitioners challenge the actions and authority of the Executive Committee. Accordingly, the Executive Committee is a necessary party to the proceeding, and the petitioners' failure to join it was jurisdictionally fatal (see CPLR 1001 [a]; Matter of Flores v Kapsis, 10 AD3d 432, 433 [2004]; Matter of Barbuto v Sarcone, 275 AD2d 424, 425 [2000]; Matter of Jenkins v Board of Elections of City of N.Y., 270 AD2d 436, 437 [2000]; Matter of Regan v New York State Bd. of Elections, 207 AD2d 647 [1994]; Matter of Oberle v Caracappa, 133 AD2d 241 [1987]; Matter of Curcio v Wolf, 133 AD2d 188, 189 [1987]). Therefore, the Supreme Court properly granted the motion to dismiss the proceeding.

In light of our determination, we need not address the parties' remaining contentions. Schmidt, J.P., Rivera, Santucci, Fisher and Covello, JJ., concur.