This opinion is uncorrected and subject to revision before publication in the New York Reports.
-----------------------------------------------------------------

No. 131
In the Matter of Robert Morgan III,
et al.,
            Appellants,
        v.
Bill de Blasio, et al.,
            Respondents.



            James Walsh, for appellants.
            Stanley K. Schlein, for respondent de Blasio.




PER CURIAM:


        Petitioners brought this proceeding to challenge the

Working Families Party's designation of Bill de Blasio as a

candidate in its primary election for Mayor of the City of New

York.  They contend that the designating petition is defective

because the Executive Board failed to comply with the

- 1 -

restrictions on designating and nominating candidates provided for in Election Law § 6-120(3).  Supreme Court denied the petition and dismissed the proceeding, on the ground that petitioners had failed to name a necessary party, the Executive Board of the Working Families Party.  The Appellate Division unanimously affirmed.  We agree that petitioners' failure to name as respondent the Executive Board of the Working Families Party results in dismissal, and we therefore affirm.

Necessary parties are those "who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action" (CPLR 1001[a]).  Appellants rely on Matter of O'Brien v Seneca County Bd. of Elections (22 AD3d 1036, 1036 [4th Dept 2005]) and Matter of Seaman v Bird (176 AD2d 1061, 1062 [3d Dept 1991]), to argue that, because complete relief could be obtained from the Board of Elections, the Executive Board of the Working Families Party is not a necessary party.  Their reliance is misplaced.  Here, where petitioners assert that the Executive Board's certificate of authorization was invalid under Election Law § 6-120, the Executive Board of the Working Families Party was a necessary party because a judgment on this issue could inequitably affect its interests.  To the extent that there are other decisions to the contrary, they should not be followed.

Accordingly, the order of the Appellate Division should be affirmed, without costs.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, without costs. Opinion Per Curiam. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.


August 31, 2017