Matter of LaLota v New York State Bd. of Elections (2020 NY Slip Op 02905)





Matter of LaLota v New York State Bd. of Elections


2020 NY Slip Op 02905


Decided on May 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2020-03615

[*1]In the Matter of Nicholas LaLota, petitioner-respondent,
v
New York State Board of Elections, et al., respondents; Joseph M. Ferrandino, appellant. (Nassau County Index No. 604456/20) (Proceeding No. 1)
In the Matter of Joseph M. Ferrandino, et al., appellants,
v
Nicholas LaLota, respondent-respondent, et al., respondent. (Suffolk County Index No. 1581/20) (Proceeding No. 2)




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate petitions designating Nicholas LaLota as a candidate in primary elections to be held on June 23, 2020, for the nominations of the Republican, Conservative, Libertarian, and SAM Parties as their candidate for the public office of New York State Senator for the Eighth Senatorial District, and a related proceeding pursuant to Election Law § 16-102, among other things, to invalidate those petitions, Joseph M. Ferrandino and John Brooks appeal from a final order of the Supreme Court, Nassau County (Jack L. Libert, J.), dated May 5, 2020. The final order, in effect, granted the petition, inter alia, to validate the designating petitions and denied the petition, among other things, to invalidate the designating petitions.
ORDERED that the final order is reversed, on the law, without costs or disbursements, the petition, inter alia, to validate the designating petitions is denied, the petition, among other things, to invalidate the designating petitions is granted, and the New York State Board of Elections is directed to remove the name of Nicholas LaLota from the appropriate ballots.
In 2018, Nicholas LaLota was appointed by the Suffolk County Legislature as the Republican Commissioner (hereinafter Commissioner) of the Suffolk County Board of Elections (hereinafter the SCBOE) (see Election Law §§ 3-200, 3-204[4]; 3-208). In a memorandum addressed to the SCBOE and the New York State Board of Elections (hereinafter the NYSBOE) dated March 19, 2020, bearing the subject line "Leave of Absence," LaLota stated that he anticipated being a candidate for the public office of State Senator, requested that the recipients "take notice of [his] leave of absence and recusal as" Commissioner, effective the next day, and stated that, "[w]hile [he was] on this leave," the Republican Deputy Commissioner would carry out his duties. The memorandum stated that the leave would continue until LaLota revoked it in writing, and that if he was elected to the State Senate, he would resign as Commissioner. LaLota then removed his personal possessions from his office at the SCBOE and ceased visiting the SCBOE.
LaLota subsequently commenced a proceeding pursuant to Election Law § 16-102, inter alia, to validate petitions filed with the NYSBOE designating himself as a candidate in primary [*2]elections to be held on June 23, 2020, for the nominations of the Republican, Conservative, Libertarian, and SAM Parties as their candidate for the public office of New York State Senator for the Eighth Senatorial District. Joseph M. Ferrandino and John Brooks commenced a related proceeding, among other things, to invalidate the designating petitions on the ground that LaLota is barred by Election Law § 3-200(6) from being a candidate for elected office. The Supreme Court, in effect, granted the validation petition and denied the invalidation petition. We reverse.
Initially, contrary to the conclusion of the Supreme Court, the invalidation petition was not subject to dismissal on the ground that it failed to name the SCBOE as a respondent. It is undisputed that, because the Eighth Senatorial District straddles Nassau and Suffolk Counties, the NYSBOE is the administrative agency responsible for certifying the designation of candidates for the position of State Senator for that district. Contrary to the court's conclusion, the SCBOE is not an entity that "might be inequitably affected by a judgment" in the proceeding which seeks to invalidate the petitions designating LaLota as a candidate in the primary elections (CPLR 1001[a]). The only relief sought in that proceeding is the invalidation of the petitions designating LaLota as a candidate, a prohibition against certification of his candidacy by the NYSBOE, and a declaration that there is no committee on vacancies to substitute another candidate. No decision or action of the SCBOE is at issue. For this reason, LaLota's reliance upon Matter of Morgan v de Blasio (29 NY3d 559) is misplaced. Morgan held that the executive board of a political party was a necessary party to a proceeding which sought to invalidate a designating petition on the ground that the executive board failed to comply with statutory requirements. Here, the SCBOE had no role or involvement with respect to the challenged designating petitions. Moreover, the invalidity of the challenged designating petitions is not dependent upon whether LaLota's leave of absence was validly taken, which we assume it was. The issue presented is simply whether the leave of absence taken by LaLota is sufficient to remove the disqualification of him becoming a candidate imposed by the requirements of Election Law § 3-200(6). Stated somewhat differently, what is involved here is strictly and only LaLota's eligibility to become a candidate for public office, not his status as Commissioner. We note that LaLota himself did not join the SCBOE as a party to his validation proceeding, an implicit acknowledgment that the SCBOE is not a necessary party to proceedings involving the validity of LaLota's designating petitions.
Turning to the merits, Election Law § 3-200(6) provides that "[a]n election commissioner shall not be a candidate for any elective office which he [or she] would not be entitled to hold under the provisions of this article, unless he [or she] has ceased by resignation or otherwise, to be commissioner prior to his [or her] nomination or designation therefor. Otherwise such nomination or designation shall be null and void" (emphasis added).
" It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature'" (Matter of Shannon, 25 NY3d 345, 351, quoting Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583). Since " the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof'" (Matter of Shannon, 25 NY3d at 351, quoting Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 583; see Matter of T-Mobile Northeast, LLC v DeBellis, 143 AD3d 992, 994, affd 32 NY3d 594). The plain language of Election Law § 3-200(6) makes an election commissioner's status as commissioner the lynchpin of the disqualification to be a candidate, not whether the commissioner is actually performing any of the duties of an election commissioner at any particular time.
Here, LaLota's taking of a leave of absence does not mean that he had "ceased . . . to be" Commissioner (Election Law § 3-200[6]). LaLota remains Commissioner, although he has temporarily absented himself from exercising the powers of his office.
A leave of absence is a temporary absence from employment or duty with the intention to return (see Black's Law Dictionary [11th ed 2019]). A leave of absence is not the equivalent of a resignation, which connotes a permanent departure from employment. The plain text of Election Law § 3-200(6) disqualifies an election commissioner from being a candidate for public office unless that commissioner resigns or otherwise ceases to be an election commissioner. The [*3]statute does not speak to whether someone is performing actions as an election commissioner; it speaks to whether someone is in fact an election commissioner.
Moreover, LaLota's memorandum stated that the leave of absence would continue until LaLota revoked it in writing. By reserving the right to unilaterally revoke the leave of absence at any time, LaLota implicitly acknowledged that he has retained his authority as Commissioner. Indeed, LaLota's statement, in his memorandum of March 19, 2020, that he would resign as Commissioner if elected to the State Senate is a further acknowledgment that he had not ceased to be Commissioner. If he had ceased to be Commissioner, a post-election resignation would be superfluous.
The purpose of the statute is readily apparent—to prevent the conflict of interest, and potential abuse of authority, that would arise if a person is simultaneously both a candidate for public office and an election commissioner charged with the responsibility for overseeing the casting and canvassing of votes for that office. The concern that the statute addresses would not be assuaged by an election commissioner simply stepping aside momentarily while reserving the right to act as commissioner at any time of his or her own choosing. Additionally, because the Deputy Commissioner is appointed by, and serves at the pleasure of, the Commissioner (see Election Law § 3-300), LaLota's designation of his deputy to act for him during his leave of absence does not serve to ameliorate the conflict of interest concerns against which the statute seeks to guard.
Election Law § 3-200(6) speaks of a person ceasing to be an election commissioner "by resignation or otherwise." LaLota argues, and the Supreme Court held, that a leave of absence falls within the "otherwise" language of the statute. We disagree. "Otherwise" means in a different way, in a different manner, or by other causes or means (Black's Law Dictionary [11th ed 2019]). In the context of Election Law § 3-200(6), the term "otherwise" should be read in its common sense meaning, as connoting that an election commissioner is disqualified as a candidate unless the person ceases to be an election commissioner by resignation or by a different manner or cause. The inclusion of "otherwise" contemplates actions which are the equivalent of resignations, i.e., other circumstances, manners, or causes under which a person would cease to be an election commissioner. These alternative circumstances are numerous, and could involve the person moving out of the county, changing political parties, or taking a different and incompatible public office (see Election Law § 3-200[4]), not to mention other less commonly encountered possibilities such as removal by the Governor (see Election Law § 3-200[7]) or conviction of certain crimes (see Public Officers Law § 30[4]). All of these circumstances involve a complete departure from office, brought about otherwise than by resignation. A temporary self-limited absence is not the equivalent of a complete departure from office.
Accordingly, the Supreme Court should have denied the validation petition, granted the invalidation petition, and directed the NYSBOE to remove LaLota's name from the appropriate ballots.
The parties' remaining contentions are without merit or need not be reached in light of our determination.
SCHEINKMAN, P.J., RIVERA, BARROS and CONNOLLY, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court