Matter of Wohl v Bruen (2025 NY Slip Op 02861)

Matter of Wohl v Bruen

2025 NY Slip Op 02861

Decided on May 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2025-05059
 (Index No. 32374/25)

[*1]In the Matter of Lauren M. Wohl, appellant,
v
David Bruen, respondent, Rockland County Board of Elections, et al., respondents-respondents.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a certificate of substitution filed by the Committee to Fill Vacancies of the Clarkstown Democratic Party designating David Bruen as a candidate in a primary election to be held on June 24, 2025, for the nomination of the Democratic Party as its candidate for the public office of Town Clerk of the Town of Clarkstown, the petitioner appeals from a final order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated April 23, 2025. The final order denied the petition, inter alia, to invalidate the certificate of substitution and, in effect, dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
On or about April 3, 2025, a petition designating David Bruen as a candidate in a primary election to be held on June 24, 2025, for the nomination of the Democratic Party as its candidate for the public office of Town Clerk of the Town of Clarkstown was filed with the Rockland County Board of Elections (hereinafter the Board). On or about April 7, 2025, Bruen filed a certificate declining the designation. On or about April 11, 2025, the Committee to Fill Vacancies of the Clarkstown Democratic Party (hereinafter the Committee to Fill Vacancies) filed a certificate of substitution by committee to fill vacancies after declination, death, or disqualification (hereinafter the certificate of substitution) with the Board designating Bruen to fill the vacancy created by his prior declination.
On April 14, 2025, the petitioner commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate the certificate of substitution, contending that the candidate designated to fill a vacancy could not be the person who was originally named in the designating petition. In a final order dated April 23, 2025, the Supreme Court denied the petition, inter alia, to invalidate the certificate of substitution and, in effect, dismissed the proceeding, determining that the petitioner failed to join the Committee to Fill Vacancies as a necessary party. However, the court determined that if the merits of the petition were reached, the petition had merit. The petitioner appeals.
The Supreme Court properly denied the petition, inter alia, to invalidate the certificate of substitution. "Necessary parties are those 'who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action'" (Matter of Morgan v de Blasio, 29 NY3d 559, 560, quoting CPLR 1001[a]). Inasmuch as the petition, inter alia, to invalidate the certificate of substitution challenges the actions and authority of the Committee to Fill Vacancies by seeking to invalidate the certificate [*2]of substitution based on its alleged failure to comply with Election Law § 6-148(1), the Committee to Fill Vacancies is a necessary party to the proceeding. The authority of the Committee to Fill Vacancies to designate Bruen may be inequitably affected; therefore, the petitioner's failure to join it was jurisdictionally fatal (see Matter of Flores v Kapsis, 10 AD3d 432, 433; Matter of Curcio v Wolf, 133 AD2d 188; cf. Matter of Becker v Shapiro, 110 AD3d 874, 876).
While addressing all issues raised in the proceeding, the Supreme Court properly determined that case law interpreting the Election Law supports the conclusion that the candidate designated to fill a vacancy shall be a person other than the person originally named. Election Law § 6-148(1) provides, in relevant part, that "[a] vacancy in a designation or nomination caused by declination, where a declination is permitted by this article, or by the death or disqualification of the candidate, or by a tie vote at a primary, may be filled by the making and filing of a certificate, setting forth the fact and cause of the vacancy, the title of the office, the name of the original candidate, if any, and the name and address of the candidate newly designated or nominated."
In 1934, the Appellate Division, First Department, applying Election Law former § 140, held that the "Election Law plainly contemplates that the candidate designated to fill a vacancy shall be a person other than the person originally named" (Matter of Nestler v Cohen, 242 App Div 726, 726). The former statute was substantially similar to the current version, as Election Law former § 140 provided that "[a] vacancy in a designation or nomination, caused by declination, where a declination is permitted by this article, or by the death or disqualification of the candidate, or by a tie vote at a fall primary or at an unofficial primary held for the nomination of candidates for city offices to be filled at a time other than that of the general election, may be filled by the making and filing of a certificate, setting forth the fact and cause of the vacancy, the name of the original candidate, if any, and the name, address and occupation of the candidate newly designated or nominated."
Thereafter, this holding has been affirmed by the Court of Appeals without opinion (see Matter of Garfinkel v Power, 208 Misc 719 [Sup Ct, NY County], affd 286 App Div 957, affd 309 NY 779) and has been adhered to by other Departments of the Appellate Division (see Matter of Angletti v Morreale, 131 AD3d 808, 812, affd on other grounds 25 NY3d 794; Matter of Proud v Relin, 176 AD2d 1197; Curtin v Mahoney, 52 AD2d 716, 717; Matter of Rosenbaum v Power, 28 AD2d 662, 662, affd on other grounds 20 NY2d 663; see also Matter of Turdik v Bernstein, 87 AD3d 748 [in dicta]). These cases each interpret Election Law § 6-148(1) to mean that the substituting candidate shall be "a person other than the person originally named," language not reflected in the statute, but first stated by the First Department in Nestler.
In 1977, this issue was raised in Matter of Bockman v Sachs (59 AD2d 516), and the First Department, after setting forth that Nestler "speaks only in generalities for the proposition cited," declined to apply such a strict application of the Election Law (id. at 517). The First Department held that a candidate on a designating petition who filed a declination was not rendered ineligible to be designated by the committee to fill a different vacancy. The First Department distinguished Nestler, determining that the strict application remains appropriate where "those who [had] declined and were designated anew were not only named for the identical office which had been forsworn by the declination but under the identical petition with the identical committee to fill vacancies" (id.).
Upon review of Election Law § 6-148(1), we disagree with Nestler that the Election Law "plainly contemplates" that the candidate designated to fill a vacancy shall be a person other than the person originally named. "As a general matter, 'when presented with a question of statutory interpretation, a court's primary consideration is to ascertain and give effect to the intention of the Legislature'" (Matter of Winter v Luft, 230 AD3d 1084, 1087 [alterations omitted], quoting Town of Aurora v Village of E. Aurora, 32 NY3d 366, 372). "Since 'the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof'" (Matter of LaLota v New York State Bd. of Elections, 183 AD3d 785, 788 [internal quotation marks omitted], quoting Matter of Shannon, 25 NY3d 345, 351; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583).
It is our opinion, when interpreting the legislative text, that the plain language of Election Law § 6-148(1) does not prohibit re-designation of a candidate who previously declined the same designation. Moreover, there is no indication that the Legislature intended such a prohibitive interpretation. Such a prohibition does not appear in any other sections of the Election Law (see id. §§ 6-120, 6-122). Rather, as argued by Commissioner Allison Weinraub of the Rockland County Board of Elections, in an effort to prioritize ballot access, the Legislature has shifted to a more liberal interpretation of the Election Law. However, as the Nestler rule has been the interpretation in this State since 1934, with this holding affirmed by the Court of Appeals without opinion (see Matter of Garfinkel v Power, 309 NY 779), this Court is constrained to follow such precedent.
GENOVESI, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court